UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| STEVEN PAUL HAFFORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:12-CV-122-NAB |
| | ) |
| CAROLYN W. COLVIN[1], | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This is an action under Title 42 U.S.C. § 405(g) for judicial review of the Commissioner's final decision denying Steven Paul Hafford ("Hafford") application for disability insurance benefits and Supplemental Security Income ("SSI") under Title II and Title XVI of the Social Security Act. 42 U.S.C. § 401 *et seq.* and 42 U.S.C. § 1381 *et seq.* Hafford alleges disability due to heart disease, triple bypass surgery, and advanced chronic obstructive pulmonary disease ("COPD.") (Tr. 362.) The parties consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). [Doc. 6.] For the reasons set forth below, the Commissioner's decision is affirmed.

**I.     Background**

On October 28, 2008, Hafford filed applications for a period of disability, disability insurance benefits, and SSI benefits. (Tr. 260-269.) The Social Security Administration

---

[1] At the time this case was filed, Michael J. Astrue was the Commissioner of Social Security. Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. When a public officer ceases to hold office while an action is pending, the officer's successor is automatically substituted as a party. Fed. R. Civ. P. 25(d). Later proceedings should be in the substituted party's name and the Court may order substitution at any time. *Id.* The Court will order the Clerk of Court to substitute Carolyn W. Colvin for Michael J. Astrue in this matter.

("SSA") denied Hafford's claims and he filed a timely request for a hearing before an administrative law judge ("ALJ"). (Tr. 113-115, 153.) The SSA granted Hafford's request and the hearing took place on November 15, 2010. (Tr. 29-81, 161-167.) Hafford, medical expert Dr. Lars Alex, and vocational expert Matt Lamply testified at the hearing. A second supplemental hearing took place on April 5, 2011, at the request of Hafford to examine consultative medical examiner Dr. Naveed J. Mizra. (Tr. 82-89, 214.) Dr. Walker Lewin, a medical expert testified in Dr. Mizra's stead. (Tr. 82-89.) The ALJ issued a written decision on April 14, 2011, affirming the denial of benefits. (Tr. 118-139.) The ALJ then issued an amended decision on July 8, 2011, again affirming denial of benefits. (Tr. 8-22.) Hafford requested review of the ALJ's decision from the Appeals Council. (Tr. 257-259.) On May 21, 2012, the Appeals Council denied Hafford's request for review. (Tr. 1-4.) The decision of the ALJ thus stands as the final decision of the Commissioner. *See Sims v. Apfel,* 530 U.S. 103, 107 (2000). Hafford filed this appeal on July 19, 2012. [Doc. 1.] The Commissioner filed an Answer on September 25, 2012. [Doc. 8.] Hafford filed a Brief in Support of his Complaint on October 26, 2012. [Doc. 10.] The Commissioner filed a Brief in Support of the Answer on January 25, 2013. [Doc. 15.] Hafford filed a Reply Brief on February 13, 2013.

The Court has reviewed the parties' briefs, the ALJ decision, the record including the hearing transcript and medical documentary evidence. The complete set of facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

## II.    Standard of Review

The Social Security Act defines disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which

can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 416(i)(1)(A), 42 U.S.C. § 423(d)(1)(A).

The Social Security Administration uses a five-step analysis to determine whether a claimant seeking disability benefits is in fact disabled. 20 C.F.R. §§ 404.1520(a)(1), 416.920(a)(1). First, the claimant must not be engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Second, the claimant must establish that he or she has an impairment or combination of impairments that significantly limits his or her ability to perform basic work activities. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Third, the claimant must establish that his or her impairment meets or equals an impairment listed in the appendix to the applicable regulations. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(iii).

Fourth, the claimant must establish that the impairment prevents him or her from doing past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At step five, the burden shifts to the Commissioner to establish that the claimant maintains the residual functional capacity to perform a significant number of jobs in the national economy. *Singh v. Apfel,* 222 F.3d 448, 451 (8th Cir. 2000). If the claimant satisfies all of the criteria under the five-step evaluation, the ALJ will find the claimant to be disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

This Court reviews decisions of the ALJ to determine whether the decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find adequate support for the ALJ's decision. *Smith v. Shalala,* 31 F.3d 715, 717 (8th Cir. 1994). Therefore, even if this Court finds that there is a preponderance of evidence against the weight of the ALJ's decision, the decision must be affirmed if it is supported by substantial evidence. *Clark v. Heckler,* 733

F.2d 65, 68 (8th Cir. 1984). An administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion. *Gwathney v. Chater,* 1043, 1045 (8th Cir. 1997).

To determine whether the ALJ's final decision is supported by substantial evidence, the Court is required to review the administrative record as a whole to consider:

> (1) The findings of credibility made by the ALJ;
>
> (2) The education, background, work history, and age of the claimant;
>
> (3) The medical evidence given by the claimant's treating physician;
>
> (4) The subjective complaints of pain and description of the claimant's physical activity and impairment;
>
> (5) The corroboration by third parties of the claimant's physical impairment;
>
> (6) The testimony of vocational experts based upon prior hypothetical questions which fairly set forth the claimant's physical impairment; and
>
> (7) The testimony of consulting physicians

*Brand v. Sec'y of Dept. of Health, Educ. & Welfare,* 623 F.2d 523, 527 (8th Cir. 1980).

## III.    ALJ's Amended Decision

Utilizing the five step analysis, the ALJ determined in the first step that Hafford met the insured status requirements of the Social Security Act through December 31, 2010 and has not engaged in substantial gainful activity since October 31, 2005, the alleged onset date. (Tr. 12.) At step two, the ALJ found that Hafford had the severe impairments of mild degenerative changes of the thoracic spine, status-post three-vessel coronary artery disease, hypertension, hyperlipidemia, COPD, major depressive disorder, and anti-social personality disorder. (Tr. 12.)

At step three, the ALJ determined that Hafford did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments of 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 12.) At step four, the ALJ found that Hafford had the residual functional capacity to perform sedentary work, with the following limitations: (1) no climbing ropes, ladders, or scaffolds; (2) no more than occasional balancing, stooping, kneeling, crouching, or crawling; (3) no exposure to unprotected heights or dangerous moving machinery; (4) no concentrated or excessive exposure to dust, fumes, chemicals, temperature extremes, high humidity, dampness, or other typical allergens, pollutants, or other atmospheric irritants; (5) only simple, routine tasks; and (6) no more than occasional interaction with co-workers, supervisors, or the general public. (Tr. 14.) The ALJ also found that Hafford could not return to his past relevant work. (Tr. 20.) At step five, the ALJ determined that there are jobs that exist in significant numbers in the national economy that he can perform. (Tr. 20.)

## IV. Discussion

Hafford presents three errors for review. First, Hafford contends that the ALJ abused his discretion and erred in denying him the right to cross-examine Dr. Naveed J. Mizra and then relying on Dr. Mizra's opinion to deny his claim. Second, Hafford asserts that the opinions of his treating physicians were entitled to substantial weight. Third, Hafford asserts that the ALJ erroneously discounted Hafford's credibility. The Commissioner asserts that the ALJ's decision is supported by substantial evidence in the record as a whole.

### A. Opinion of Dr. Mizra

Hafford asserts that he was prejudiced when he was denied the opportunity to cross-examine Dr. Mizra and this, coupled with the reliance upon Dr. Mizra's report constituted a violation of his due process rights. At the first administrative hearing, Hafford requested a

consultative examination regarding his mental issues. (Tr. 32.) The ALJ granted Hafford's request and sent Hafford for a consultative examination with Dr. Mizra. (Tr. 79, 1073-1083.) Dr. Mizra prepared a report and diagnosed Hafford with major depression, antisocial personality disorder, and polysubstance abuse. (Tr. 1073, 1080-1081.) Dr. Mizra opined that Hafford had no functional restrictions related to his impairments and no limitations psychiatrically. (Tr. 1074-1075.)

After receipt of Dr. Mizra's report, Hafford requested a supplemental hearing so that Dr. Mizra could be cross-examined. (Tr. 214.) The ALJ scheduled a supplemental hearing, but Dr. Mizra did not testify, because he was unavailable. (Tr. 85.) The ALJ requested Dr. Lewin to "substitute" for Dr. Mizra at the hearing.[2] (Tr. 85.) Hafford's counsel objected to the inclusion of Dr. Mizra's report in the exhibits, because Dr. Mizra was not available to testify. (Tr. 85.) The ALJ overruled the objection and allowed Hafford's counsel to cross-examine Dr. Lewin. (Tr. 85.) Dr. Lewin testified that he believed that Hafford met Listing 12.04 for affective disorders. 20 C.F.R. Pt. 404, Subpt. P, App'x 1. (Tr. 86-88.)

In his decision, the ALJ determined that Hafford did not meet or equal a listing based on a mental impairment. (Tr. 13.) The ALJ stated that Dr. Lewin's opinion that Hafford met a listing was inconsistent with Hafford's treatment history as reflected in his treating sources' notes. (Tr. 13.) The ALJ also gave more weight to Dr. Mizra's opinion, because he examined Hafford and considered his complete medical history, and found no reason to impose any mental restrictions. (Tr. 13.) The ALJ noted that Dr. Lewin's opinion was based only on a review of medical records. (Tr. 13.)

---

[2] According to a letter to the ALJ after the ALJ's initial decision, Hafford and his counsel were unaware before the April 5, 2011 supplemental hearing that Dr. Lewin would be testifying instead of Dr. Mizra. (Tr. 252.)

6

"The Due Process Clause of the Fifth Amendment requires that before property can be taken, notice and opportunity for a hearing be provided." *Wilburn v. Astrue*, 626 F.3d 999, 1002 (8th Cir. 2010) (citing *Baldwin v. Credit Based Asset Servicing and Securitization*, 516 F.3d 734, 737 (8th Cir. 2008). The Court assumes that the due process clause applies to the denial of Hafford's benefits.[3] Procedural due process under the Fifth Amendment requires that disability claimants be provided a full and fair hearing. *Hurd v. Astrue*, 621 F.3d 734, 739 (8th Cir. 2010). "Social security disability hearings are non-adversarial proceedings and therefore do not require full courtroom procedures." *Hepp*, 511 F.3d at 804. In *Perales*, the U.S. Supreme Court held

> [A] written report by a licensed physician who has examined the claimant and who sets forth in his report his medical findings in his area of competence may be received as evidence in a disability hearing, and despite its hearsay character and an absence of cross-examination, and despite the presence of opposing direct medical testimony and testimony by the claimant himself, may constitute evidence supportive of a finding by the hearing examiner adverse to the claimant when the claimant has not exercised his right to subpoena the reporting physician and thereby provide himself with the opportunity for cross-examination of the physician.

*Perales*, 402 U.S. at 402. "Due process requires that a claimant be given the opportunity to cross-examine and subpoena the individuals who submit reports." *Coffin v. Sullivan*, 895 F.2d 1206, 1212 (8th Cir. 1990). The Eighth Circuit has also found, however, that due process does not afford social security claimants an absolute right to cross-examine individuals who submit a report. *Passmore v. Astrue*, 533 F.3d 658, 665 (8th Cir. 2008); *see also Hepp*, 511 F.3d at 806

---

[3] The U.S. Supreme Court has held that a person receiving benefits has a property interest in the continued receipt of benefits. *See Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). Neither the U.S. Supreme Court nor the 8th Circuit has decided whether a social security disability applicant has a protected property interest in benefits that he or she seeks to receive, but they have assumed so without deciding. *See Richardson v. Perales*, 402 U.S. 389, 401-402 (1971), *Hepp v. Asture*, 511 F.3d 798, 804, n. 5 (8th Cir. 2008).

(due process under the 5th Amendment does not require in-person cross-examination in social security disability hearings).

In this case, the Court finds that it would have been preferable for the ALJ to notify Hafford before the supplemental hearing that Dr. Mizra would not be available to testify. The purpose of the supplemental hearing was to cross-examine Dr. Mizra. If the ALJ had notified Hafford, then Hafford could have sought leave to submit written interrogatories to Dr. Mizra without the need for a supplemental hearing, requested to continue the hearing to another date, or requested a subpoena for Dr. Mizra.[4] The Court finds, however, that Hafford was not prejudiced by this situation. In *Passmore*, the Eighth Circuit endorsed the use of a substitute medical expert. *Passmore*, 533 F.3d at 665. When Hafford learned that Dr. Mizra was not available, he could have preserved his right to cross-examine Dr. Mizra by requesting leave to submit written interrogatories to him. Hafford's counsel also failed to question Dr. Lewin regarding Dr. Mizra's report. (Tr. 85-88.) Unfortunately, Hafford's counsel assumed that the ALJ would accept Dr. Lewin's testimony that Hafford met a listing and make a finding of disability. (Tr. 252-253.) The ALJ was not required to adopt Dr. Lewin's report, because "the ALJ is not required to rely entirely on a particular physician's opinion or choose between the opinions of any of the claimant's physicians." *Martise v. Astrue*, 641 F.3d 909, 927 (8th Cir. 2011). "It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians." *Wagner v. Astrue*, 499 F.3d 842, 848 (8th Cir. 2007). "The ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if [the conclusions] are inconsistent with the record as a whole." *Id.* The Court recognizes that this situation is unique, because it would be expected, as in *Passmore*, that the substitute medical

---

[4] At the request of a party, "when it is reasonably necessary for the full presentation of a case," the ALJ can issue a subpoena for the appearance and testimony of witnesses. 20 C.F.R. §§ 404.950(c), 416.1450(c).

expert would be able to testify regarding the medical findings in Dr. Mizra's report. *See Passmore*, 533 F.3d at 665. In this case, the opinions of Dr. Mizra and Dr. Lewin were opposite. The ALJ's initial opinion of April 14, 2011, indicates that the ALJ gave Dr. Mizra's opinion more weight. The ALJ stated,

> If one wants to get in a "psychiatrist duel," the opinion by Dr. Mizra, who actually saw and examined the claimant and who also considered his complete medical history and all of his complaints yet found no reason to impose any mental restrictions, is more credible than the opinion of Dr. Lewin, who never actually saw or examined the claimant, if one casts aside both polar-opposite, one-shot opinions aside, the remaining records from Dr. Khunuja, Dr. Haiderzad and others do not show mental disability.

(Tr. 130.) In response to the ALJ's initial decision, Hafford's counsel stated he was surprised at the decision and then asked the ALJ to correct a "gross" factual error- that he had requested Dr. Lewin testify. (Tr. 252.) Hafford's counsel only sought correction of the factual error; he did not ask to submit interrogatories or ask for another opportunity to cross-examine Dr. Mizra. (Tr. 252-253.) Based on the foregoing, because Hafford does not have an absolute right to in-person cross-examination and did not pursue other alternatives to obtaining Dr. Mizra's testimony, including through interrogatories, the Court finds that Hafford's due process rights were not violated.

### B. Treating Physicians' Opinions

Next, Hafford contends that the opinions of Hafford's treating physicians, Dr. Khanuja, Dr. Cox, and Dr. Haiderzad are entitled to substantial weight. Hafford also contends that the ALJ should not have relied upon Dr. Mizra's opinion, because he examined him only once. Generally, a treating physician's opinion is given controlling weight, but is not inherently entitled to it. *Hacker v. Barnhart*, 459 F.3d 934, 937 (8th Cir. 2006). A treating physician's

opinion "does not automatically control or obviate the need to evaluate the record as a whole." *Leckenby v. Astrue*, 487 F.3d 626, 632 (8th Cir. 2007). A treating physician's opinion will be given controlling weight if the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); SSR 96-2p. "Whether the ALJ grants a treating physician's opinion substantial or little weight, the regulations provide that the ALJ must 'always give good reasons' for the particular weight given to a treating physician's evaluation." *Prosch v. Apfel,* 201 F.3d 1010, 1013 (8th Cir. 2000).

The record shows that Dr. Khanuja and Dr. Haiderzad treated Hafford for his mental impairments and Dr. Cox treated him primarily for physical impairments. (Tr. 439-454, 487-493, 839-846, 889-900, 856-860, 864-870, 879-884, 903-928, 930-1030, 1042-1048, 1065-1070.) The only "opinion" in the record from Dr. Haiderzad or Dr. Khanuja, outside of their treatment notes, is a handwritten note from Dr. Haiderzad from May 1, 2008. The note stated

> I am writing this letter at the request of the client. Client recently been switched under my services at Family Counseling Center. He carries dx of major depr. w/psychotic features & panic disorder. I believe considering his medical co-morbidity of report of COPD, he is not capable of gainful employment at present. Pls feel free to contact if needed.

(Tr. 489.) A review of the medical records shows that during this time Hafford's mental status exams were primarily normal, with some side effects from medications, which were adjusted. The treatment records also show an improvement of Hafford's symptoms of sleep problems, hallucinations, and agitation over time. Moreover, Dr. Haiderzad's opinion that he was unable to work was not supported by the other medical evidence in the record. Further, although the ALJ gave greater weight to Dr. Mizra's opinion over Dr. Lewin, he did not give Dr. Mizra's opinion controlling or substantial weight. (Tr. 13.) The RFC determination was less restrictive than Dr.

Lewin's opinion and more restrictive that Dr. Mizra's opinion. (Tr. 14-20.) Dr. Cox did not give an opinion regarding Hafford's work related functions and did not impose any work related restrictions on him. Based on the foregoing, the Court finds that the ALJ did not err in failing to give substantial weight to the opinions of Dr. Khanuja, Dr. Cox, and Dr. Haiderzad.

### C. Credibility Determination

Finally, Hafford contends that the ALJ improperly discredited his credibility, by stating that his allegations were inconsistent with the objective medical findings. While the claimant has the burden of proving that the disability results from a medically determinable physical or mental impairment, direct medical evidence of the cause and effect relationship between the impairment and the degree of claimant's subjective complaints need not be produced." *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). A claimant's subjective complaints may not be disregarded solely because the objective medical evidence does not fully support them. *Id.* The absence of objective medical evidence is just one factor to be considered in evaluating the claimant's credibility and complaints. *Id.* The ALJ must fully consider all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:

> (1) the claimant's daily activities;
>
> (2) the subjective evidence of the duration, frequency, and intensity of the claimant's pain;
>
> (3) any precipitating or aggravating factors;
>
> (4) the dosage, effectiveness, and side effects of any medication; and
>
> (5) the claimant's functional restrictions.

*Id.* The ALJ must make express credibility determinations and set forth the inconsistencies in the record which cause him to reject the claimant's complaints. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005). "It is not enough that the record contains inconsistencies; the ALJ must specifically demonstrate that he considered all of the evidence." *Id.* The ALJ, however, "need not explicitly discuss each *Polaski* factor." *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir. 2004). The ALJ need only acknowledge and consider those factors. *Id.* Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole. *Polaski at 1322.* Although credibility determinations are primarily for the ALJ and not the court, the ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir. 1988).

In this case, the ALJ noted that Hafford had a steady work record up to and including his alleged onset date of disability. (Tr. 16.) The ALJ could consider consistency with the overall medical evidence when evaluating Hafford's credibility. *See* Goff *v. Barnhart*, 421 F.3d 785, 792 (8th Cir. 2005) (ALJ can disbelieve subjective complaints if there are inconsistencies in the evidence as a whole and lack of corroborating evidence is just one of the factors the ALJ considers). The ALJ could also consider that Dr. Khanuja stated that Hafford's "presentation was atypical due to above MSE" and that his presentation was "somewhat attention seeking" and "dramatic." (Tr. 443, 444.) Dr. Khanuja also indicated that he considered the "element of sec[ondary] gain due to atypical presentation." (Tr. 443.) "An ALJ may discount a claimant's allegations if there is evidence that a claimant was a malingerer or was exaggerating symptoms for financial gain." *Davidson v. Astrue*, 578 F.3d 838 (8th Cir. 2009). Based on the foregoing, the ALJ considered several factors in evaluating Hafford's credibility and the ALJ's credibility determination was supported by substantial evidence in the record as a whole.

Accordingly,

**IT IS HEREBY ORDERED** that the relief requested in Plaintiff's Complaint and Brief in Support of Complaint is **DENIED**. [Doc. 1, 10.]

**IT IS FURTHER ORDERED** that the Court will enter a judgment in favor of the Commissioner affirming the decision of the administrative law judge.

**IT IS FURTHER ORDERED** that the Clerk of Court shall substitute Carolyn W. Colvin, Acting Commissioner of Social Security for Michael Astrue.

Dated this 26th day of March, 2014.

    /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE